IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.                                          No. 06-cr-10059

WILLIAM SALYERS,

    Defendant.
_____

ORDER DENYING DEFENDANT'S MOTION TO
SUPPRESS AND MOTION TO DISMISS
_____

On August 28, 2006, a grand jury from the Western District of Tennessee issued a multiple-count indictment against eleven individuals, including Defendant, Williams Salyers. (D.E. 1.) The allegations against Salyers involved conspiracy, 18 U.S.C. § 371, and violations of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B). On November 17, 2008, a jury trial began on the charges against Salyers and the other remaining defendants. (D.E. 409.) Upon motion of Salyers, on December 1, 2008, the Court granted his oral request for mistrial, but denied similar motions made by co-defendants Pamela and Matthew Salyers. (D.E. 432.) Following a report date on December 29, 2008, the Court set a new trial date for William Salyers on March 30, 2009. (D.E. 444.) Before the Court are Salyers's motion to suppress and motion to dismiss based on Double Jeopardy. After due consideration, the Court DENIES both motions.

    I.    <u>Motion to Suppress</u>

Salyers's motion to suppress alleges the following:

Pre-Indictment, William Salyers made a statement that was tape recorded (Audio dated 10/20/04) by investigating officers, John Rayfield, United States [F]ish and

1

> Wildlife Service, Special Agent, Ron Parker and Mike Stockdale, Wildlife Officer. He made the statement while attempting to negotiate a plea agreement to dispose of any charges.

(D.E. 470, Mot. to Suppress, at ¶ 1.) The Defendant argues that these statements, recorded in the presence of the investigative officers, should be suppressed on the basis that they were "made in connection with and relevant to [an] offer to plead guilty." (Id. at ¶ 5.)

In his legal argument, the Defendant relies on the decision of United States v. Brooks, 536 F.2d 1137 (6th Cir.1976). In that case, the Sixth Circuit held that statements made to law enforcement officials pursuant to a plea agreement were inadmissible. Id. at 1139 (quoting United States v. Ross, 493 F.2d 771, 775 (5th Cir. 1974)). However, the Brooks decision was grounded upon an older version of Rule 11(e)(6), Federal Rules of Criminal Procedure, that has since been repealed. In 1979, Congress amended Fed. R. Crim. P. 11(e)(6) to provide that only statements "made in the course of plea discussions with an attorney for the government" would be excluded under this Rule. In United States v. Marks, 209 F.3d 577, 582 (6th Cir. 2000), the Sixth Circuit recognized that the amendments to Rule 11 abrogated the holding of Brooks, and, pursuant to the new version, the presence of an attorney for the government at the plea negotiations was a prerequisite to finding that Rule 11 rendered statements made during such negotiations inadmissible. The most recent version of Rule 11 now cross-references Rule 410, Federal Rules of Evidence.[1] Fed. R. Crim. P. 11(f). Fed. R. Evid. 410(4) provides that a court should exclude "any statement made in the course of plea discussions <u>with an attorney for the prosecuting authority</u> which do not result in a plea of guilty or which result in a plea of guilty later withdrawn." Fed. R. Evid. 410(4)

---

[1]This amendment was made in 2002. Fed. R. Crim. P. 11, 2002 advisory committee notes.

(emphasis added). Thus, under current law, an attorney for the government must have been present during the plea negotiations in order for the Defendant to request that such statements be suppressed.

Salyers's present motion seeks suppression of statements he made while "attempting to negotiate a plea agreement" with investigating officers Rayfield, Parker, and Stockdale. (D.E. 459-3, at ¶ 1.) None of these named agents had authority to negotiate a plea agreement, which means that any statements made by the Defendant to them, regardless of the content, could not have been "in the course of plea discussions." Marks, 209 F.3d at 582. Because his motion does not claim that a lawyer for the Government was present when the recording was made, Salyers motion to suppress on the grounds that his statements were made as part of plea negotiations is denied.

II.     Motion to Dismiss

Salyers also moved to dismiss the indictment on the basis of Double Jeopardy. (D.E. 459.) At trial, the Court granted Salyers's oral motion for mistrial because the Government attempted to impeach defense witness Bobby Upsom with a prior conviction older than ten years, while failing to provide the "adverse party sufficient advance written notice of intent to use such evidence." Fed. R. Evid. 609(b). In response to Salyers's motion, the Government states that the error at trial was inadvertent and "the last thing the government wanted was a new trial." (D.E. 469.)

The Double Jeopardy Clause in the Fifth Amendment grants the accused the "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S. Ct. 834, 93 L. Ed. 974 (1949). Where a criminal defendant requests a mistrial, however, retrying him for the same offenses generally does not violate Double Jeopardy because "the defendant himself has elected to terminate the proceedings against him." Oregon v. Kennedy, 456 U.S. 667, 672, 102

3

S. Ct. 2083, 72 L. Ed. 2d 416 (1982) (citing United States v. Dinitz, 424 U.S. 600, 607-10, 96 S. Ct. 1075, 47 L. Ed. 2d 267 (1976)). A narrow exception to this general rule involves situations where the defendant can show "the prosecutor's actions giving rise to the motion for mistrial were done 'in order to goad the [defendant] into requesting a mistrial.'" Kennedy, 456 U.S. at 673 (quoting Dinitz, 424 U.S. at 611). In Kennedy, the United States Supreme Court held that, to determine whether this exception applied, the key inquiry was whether the mistrial was caused by actions on the part of the prosecutor committed with an intent "to subvert the protections afforded by the Double Jeopardy Clause." Kennedy, 456 U.S. at 676. The defendant must establish that the prosecutor "intended to cause a mistrial by his improper actions, and was not simply trying to obtain a conviction by any means necessary." United States v. Koubriti, 509 F.3d 746, 749 (6th Cir. 2007). The prosecutor's intent constitutes a question of fact for the trial court. Kennedy, 456 U.S. at 675.

Salyers makes the following argument as to why Double Jeopardy should attach as the result of the Court granting his mistrial:

> [The prosecutor] knew that Bobby Upsom was going to testify and had his criminal record with which to examine him. Mr. Upsom's testimony went directly to the government['s] theory that a 650 piece count is always illegal. Mr. Grinalds participated in several sidebar conferences concerning [Fed. R. Evid.] 609 issues with previous witnesses and knew that Mr. Upsom's conviction was beyond the time limit imposed. The effect of that improper cross-examination effectively presented the jury the impression that Mr. Upsom was put on to give false testimony.

(D.E. 459.) After reviewing the Defendant's argument, the Court does not find he has presented a sufficient factual basis to establish that the prosecutor introduced Upsom's previous conviction for the primary purpose of goading the defense into moving for mistrial. The Defendant points out that the Assistant U.S. Attorney introduced the evidence of Upson's conviction in order to discredit this key defense witness. The late Chief Justice William Rehnquist noted, however, that "[e]very act on

4

the part of a rational prosecutor during a trial is designed to 'prejudice' the defendant by placing before the judge or jury evidence leading to a finding of his guilt." Kennedy, 456 U.S. at 674. The relevant inquiry with regard to the question of Double Jeopardy is not whether Salyers was unfairly prejudiced through erroneous presentation of inadmissible evidence,[2] but whether the prosecutor intended to cause him to pursue the option of mistrial. Id. at 676. The Court finds that the mere introduction of an untimely conviction, meant to discredit Salyers's defense theory, is not so egregious as to establish that the evidence was presented for the purpose of causing a mistrial, without corroborating circumstances. As the Court recalls from the earlier trial, the prosecutor requested a sidebar conference on several occasions to discuss possible Rule 609 issues as to some of his witnesses. Furthermore, the evidence against Defendant Salyers up to the point of Upsom's testimony was significant. In fact, Salyers's wife who was charged with the same offenses as him, but in a more limited role, was convicted by the jury on all counts. The prosecution apologized profusely for what he admitted was a gross error in judgment but attempted to attribute the mistake to cold medication he was taking. At the time of the prosecutor's lapse in judgment, the trial was in its final days and nearly all of the proof had been heard by the jury. Considering all of these circumstances, and because Salyers has pointed to no other objective facts from which the Court might infer the requisite prosecutorial intent, the Court concludes the Defendant has failed to establish that Double Jeopardy bars retrial.

## CONCLUSION

For the reasons articulated herein, the Court **DENIES** both the Defendant's motion to suppress and motion to dismiss.

---

[2] The Defendant's remedy for the improper admission of evidence was the mistrial itself.

5

IT IS SO ORDERED this 26th day of January, 2009.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE